# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7701 | **DATE** | 5/23/2012 |
| **CASE TITLE** | Radiation Stabilization vs. Varian | | |

**DOCKET ENTRY TEXT**

As deference to the plaintiff's forum, the residence of three out of four defendants, and the location of a specific key witness all merit denial of transfer, the Court denies Defendants' motion to transfer and the case will remain in the Northern District of Illinois. Any arguments regarding severance and/or dismissal of the Customer Defendants, including with respect to the Leahy-Smith America Invents Act and/or *forum non-conveniens*, will be addressed subsequently as part of any motion to dismiss.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Radiation Stabilization Solutions, LLC ("RSS") sued Varian Medical Systems, Inc. ("Varian"), Loyola University Medical Center, Cancer Treatment Centers of America, and UroPartners LLC (together, the "Customer Defendants") for infringement of U.S. Patent No. 6,118,848 (the "'848 Patent"). Defendants move jointly for transfer to the Northern District of California pursuant to 28 U.S.C. 1404(a). For the reasons stated herein, Defendants' motion is denied.

**Background**

On September 15, 2011, RSS sued Varian in this district, together with co-defendants Brainlab AG, Brainlab, Inc. (together, "Brainlab"), Elekta AB, Elekta, Inc., and Accuray, Inc (the "First Action'), for indirect infringement of the '848 Patent. On October 27, 2011, prior to RSS having completed service on all defendants, the judge assigned to the First Action dismissed the complaint *sua sponte* as to certain defendants, without prejudice to refile, on grounds that certain non-resident defendants had been improperly joined in the First Action. The First Action continues, solely against the Illinois-based Brainlab defendants.

On October 28, 2011, RSS filed the present action for direct infringement against the Customer Defendants, together with Varian as the defendant supplier. RSS has its principal place of business in Texas, Varian in Palo Alto, California. The Customer Defendants have their principal places of business in the Northern District of Illinois.

**Standard of Review**

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In deciding a motion to transfer venue in a patent case under Section 1404, the law of

| STATEMENT |
|---|

the regional circuit applies. *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed Cir. 2011); *accord Vanguard Research, Inc. v. PEAT, Inc.*, 304 F.3d 1249, 1254 (Fed. Cir. 2002). In the Seventh Circuit, the party moving for a transfer of venue "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *See Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219-220 (7th Cir. 1986). District courts have broad discretion to grant or deny a motion to transfer. *See Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989). In ruling on a motion for transfer under Section 1404, the court considers the 1404(a) factors "in light of all the circumstances of the case", an analysis that "necessarily involves a large degree of subtlety and latitude" including the relative weight to give to each of the factors relative to the others. *Coffey*, 796 F.2d at 219.

**Discussion**

*Convenience of the Parties and Witnesses*
The factors the court must evaluate with regard to the "convenience of the parties and witnesses" referenced in Section 1404 are: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience of the parties of litigating in respective forums. *See, e.g., Millennium Prods., Inc. v. Gravity Boarding Co. Inc.*, 127 F. Supp. 2d 974, 980 (N.D. Ill. 2000).

The first of the convenience factors, the plaintiff's choice of forum, favors denial of transfer. RSS elected to file its action in the Northern District of Illinois. Courts typically defer to the plaintiff's choice of forum, particularly when the plaintiff resides in the district selected. *See FDIC v. Citizens Bank & Trust Co.*, 592 F.2d 364, 368 (7th Cir. 1979). When a plaintiff brings charges in a venue that is not its home forum, the choice of forum is entitled to less deference, as the presumption that its forum is convenient applies with less force. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007).

The second factor, the situs of material events in the case, is largely irrelevant in patent cases, as "the location in which the allegedly infringing product is designed, produced, shipped, sold or purchased does not weigh in favor of either party." *See, e.g., MPH Techs. OY v. Zyxel Commc'ns. Corp.*, 2010 WL 2836734 (N.D. Ill. July 16, 2010), citing *Kolcraft Enters. v. Chicco USA, Inc.*, 2009 U.S. Dist. LEXIS 13871 (N.D. Ill. Oct. 23, 2009). To the extent it is relevant, as pleaded in the Complaint, the development of one of the infringing products occurred jointly between Varian and Brainlab at a site within the Northern District of Illinois, and the infringing activities by the Customer Defendants also occurred in the Northern District of Illinois. Therefore, this factor is either neutral or merits denial of transfer.

The third factor, ease of access to evidence, has little import in patent cases. *Accord Abbott Labs. v. Church & Dwight*, 2007 WL 3120007 (N.D. Ill. Oct. 23, 2007). As noted by this district in similar circumstances, "no matter where the trial is held, all relevant documents - regarding both the patented invention and the allegedly infringing technology - will have to be collected, copied, and sent to the offices of trial counsel" - in this case, in Chicago, Houston, and San Jose. *See, e.g., CoolSavings.com, Inc. v. IQ.Commerce Corp.*, 53 F. Supp. 2d 1000, 1006 (N.D. Ill. 1999). Specific to this case, infringement activity and documents are located in both California (where Varian's headquarters is located) and in Chicago (where Varian and Brainlab jointly developed one of the products). Therefore, both as a matter of the mechanics of patent infringement discovery, and with respect to the facts in this case, this factor is neutral and does not weigh in favor of, or against, transfer.

The fourth and fifth factors, convenience of the parties, do not favor transfer of this case to the Northern District of California based on the information provided to the Court at this stage in the case. With

| STATEMENT |
|---|

respect to the parties, the three Customer Defendants all have their principal place of business in this district, and Varian and RSS, while not located in this district, each have substantial sales volume in this district. With respect to the convenience of witnesses, witness convenience is often referenced as the most important of the 1404 factors. *See*, *e.g., Schwarz v. Nat'l Van Lines, Inc.*, 317 F. Supp. 2d 829, 836 (N.D Ill. 2004). Several other courts in this district agree that parties seeking transfer should specify particular third party witnesses who reside outside the district and whose testimony will be needed, and generally explain the nature of their testimony, in order to prevail with respect to this factor. *See, e.g., Humphries v. Coppercrest Leveraged Mortg. Fund*, 2012 WL 527528 (N.D. Ill. Feb. 15, 2012) ("[A] movant cannot meet its burden with only vague statements about the inconvenience imposed by the litigation on non-party witnesses"); *First Nat'l Bank v. El Camino Resources, Ltd.*, 447 F. Supp. 2d 902, 913 (N.D. Ill. 2006) ("The party seeking transfer must specify the key witnesses to be called and make a generalized statement on their testimony.")

In this case, not only has Varian has not identified specific third-party witnesses who reside in California (other than referencing its own employees, whom Varian will be able to produce for testimony in Chicago) but RSS has specified that the inventor of the '848 Patent, Dr. Leonard Reiffel, lives and works in Chicago, and Dr. Reiffel's company, which owns the '848 Patent, is based out of Chicago, and that his presence here motivated in part RSS's decision to file in this district.

### *Interest of Justice*
Under Section 1404(a), the Court must also weigh the "interest of justice" in determining whether to transfer venue. In cases where jurisdiction is not grounded in diversity, the "interest of justice" test concerns the efficient function of the courts generally. *See Coffey*, 796 F.2d at 221.
In this case, both the Northern District of Illinois and the Northern District of California have the necessary legal experience and internal organization to decide cases such as the ones presented here. This factor is neutral and will not disturb the other 1404(a) factors that merit denial of transfer.

### *Precedential Power of First Action order*
Finally, the order dismissing the First Action has not been violated by the filing of the Complaint in this case. By terms of the order, the First Action was dismissed without prejudice to refile. Second, the order grounded dismissal of the First Action in RSS' improper joinder of certain defendants. RSS promptly refiled its action against each of the First Action defendants separately, thereby allowing each non-resident defendant to seek to transfer of the action against it to its home district (as Varian has done).

Given the Defendants' revised order (attached to its reply brief) requesting severance of the Customer Defendants, followed by transfer of the Varian portion of the case to California, it bears noting that even if the Customer Defendants had not been joined in the suit before the Court, based on the 1404 convenience factors above this action would remain in the Northern District of Illinois, due to deference to the plaintiff's choice of forum as well as the presence of key events and key witnesses within this district. RSS has not violated the First Action order by filing the present action against Varian.

### **Conclusion**
As deference to the plaintiff's forum, the residence of three out of four defendants, and the location of a specific key witness all merit denial of transfer, the Court denies Defendants' motion to transfer and the case will remain in the Northern District of Illinois. Any arguments regarding severance and/or dismissal of the Customer Defendants, including with respect to the Leahy-Smith America Invents Act and/or *forum non-conveniens*, will be addressed subsequently as part of any motion to dismiss.