IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RADIATION STABILIZATION SOLUTIONS LLC, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 11 C 7701 |
| VARIAN MEDICAL SYSTEMS, INC., LOYOLA UNIVERSITY MEDICAL CENTER, CANCER TREATMENT CENTERS OF AMERICA, INC., MIDWESTERN REGIONAL MEDICAL CENTER, INC., and UROPARTNERS LLC, | ) ) ) ) ) ) ) ) | Judge Virginia M. Kendall |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Radiation Stabilization Solutions ("RSS") sued Defendants Varian Medical Systems, Inc. ("Varian"), Loyola University Medical Center ("Loyola"), Cancer Treatment Centers of America ("CTCA"), Midwestern Regional Medical Center, Inc. ("MRMC"), and Uropartners LLC ("Uropartners," and, together with Loyola, CTCA, and MRMC, the "Healthcare Defendants") for infringement of U.S. Patent No. 6,118,848 (the "'848 Patent"). The Court granted Defendants' initial motion to dismiss with leave to amend the complaint. Defendants now move to dismiss the amended claims of induced infringement against the Healthcare Defendants. For the reasons stated herein, Defendants' Motion to Dismiss is denied.

**I.     RSS ALLEGATIONS**

For purposes of this motion to dismiss, the Court accepts the following well pleaded allegations as true. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). RSS is the

exclusive licensee of the '848 Patent titled "System to Stabilize an Irradiated Internal Target." (Cmplt. ¶ 10). Defendant Varian makes and sells the Novalis system, the Trilogy system, and the Clinac iX system - three devices allegedly infringing the '848 Patent - to the Healthcare Defendants. (Cmplt. ¶ 11). Varian also provides training and maintenance for the allegedly infringing devices for the Healthcare Defendants. (Cmplt. ¶11). The Healthcare Defendants are each health care facilities operating in the Chicago area and each use the devices at their facilities.

RSS alleges direct and indirect infringement of the '848 Patent by both Varian and the Healthcare Defendants. RSS alleges that each of the Healthcare Defendants indirectly infringes the '848 Patent by knowingly inducing operators of one or more of the devices, including radiation specialists and radiation oncologists, to use the infringing devices onsite. (Cmplt. ¶¶ 13, 15, 17, 19). As evidence for these allegations, RSS points to advertisements by the Healthcare Defendants touting the use of one or more of the devices, as well as the use of Image Guided Radiation Therapy ("IGRT"), as part of treatments offered at the Healthcare Defendants' facilities. For example, CTCA's website advertises that "radiation oncologists use [Varian's Trilogy system] to monitor tumor motion while precisely focusing radiation on the tumor. . ." (Cmplt. ¶ 15).

## II.   STANDARD

A Rule 12(b)(6) motion to dismiss for failure to state a claim "is a purely procedural question not pertaining to patent law," so the Court applies Seventh Circuit precedent notwithstanding the patent-based nature of this suit. *See In re Bill of Landing Transmission and Processing Sys. Patent Lit.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007)). To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

P. 8(a)(2). The standard of pleading required by Rule 8 does not rise to "detailed factual allegations" but must be more than "an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must be "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief requires "the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In short, under *Iqbal*, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together…the court will ask itself could these things have happened, not did they happen." *Swanson*, 614 F.3d at 404. If the allegations are insufficient to state a plausible claim for relief, the Court may dismiss the complaint. *Twombly*, 550 U.S. at 555-557.

**III. DISCUSSION**

RSS alleges that each of the Healthcare Defendants indirectly infringed the '848 Patent by inducing infringement by a third party. *See* 35 U.S.C. § 271(f). To demonstrate inducement, the patentee must establish "first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 697-98 (Fed. Cir. 2008). Induced infringement requires a defendant to have aided a third party direct infringer. *See, e.g., RF Delaware, Inc. v. Pacific Keystone Techs., Inc.*, 326 F.3d 1255, 1268 (Fed. Cir. 2003) (requiring existence of direct infringement by customers to show liability for active inducement of infringement); *Broadcom*

*Corp.* 543 F.3d at 697 (inducing infringement requires intent "to encourage another's infringement"). An inducement claim requires a factual showing that the allegedly inducing party takes "affirmative steps…to foster inducement." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006). In showing intent to induce, "direct evidence is not required; rather, circumstantial evidence may suffice." *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005). Advertisement of an infringing use can be used to show an affirmative intent that the product be used to infringe. *See Metro-Goldwyn-Mayer Studios Inc. et al. v. Grokster, Ltd.*, *et al.*, 545 U.S. 913, 936 ("*Grokster*").

The claims of indirect infringement against the Healthcare Defendants in Plaintiff's Amended Complaint, while short, allege sufficient facts to survive the Healthcare Defendants' motion to dismiss the indirect infringement claim. RSS points to instances of advertising by the Healthcare Defendants that promote the use of image guided radiation therapy on site at their facilities. LUMC advertises to end users that its practitioners use technologies onsite to "deliver precisely measured doses of radiation to defined tumor areas with minimal damage to surrounding healthy tissue" (Cmplt. Ex. H) while an LUMC agent has submitted a declaration that it is his understanding that LUMC owns and operates a Novalis product. CTCA advertises that "Varian's Trilogy system combines new image-guidance technology with one of the most powerful and precise ration beam [sic] available," touts various attributes of the Trilogy system, and concludes that "our radiation oncologists use a variety of techniques to deliver treatment ... including Image Guided Radiation Therapy ... all from one machine." (Cmplt. Ex. I) while agents of CTCA and its affiliate MRMC admit that the Varian devices at issue are located and used onsite.

The Healthcare Defendants urge this Court to rely on Federal Circuit precedent to require specific facts suggesting that the Healthcare Defendants actively aided or abetted direct infringement. *See* Def. Mem. at 8 (citing *DSU Med. Corp.*, 471 F.3d at 1305, *Ricoh Co. v. Quanta Computer Inc.*, 550 F.3d 1325, 1341 (Fed. Cir. 2008)). However, these cases addressed the elements needed to prove infringement at the summary judgment stage rather than at the pleadings stage. Following discovery, the facts may prove that the Healthcare Defendants' actions, including the advertisements attached to the Amended Complaint, do not rise to the level of promoting or actively aiding infringement of RSS' technology by third parties. *See, e.g., Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Inc.*, 545 U.S. 913, 935 (2005) (liability for inducement found through circumstantial evidence of advertising directed at direct infringers). But to survive a Rule 12(b)(6) motion, both the Seventh Circuit and the Federal Circuit only require facts sufficient to put defendants on notice as to the allegations. *See Swanson*, 614 F.3d at 404 ("Specific facts are not necessary. . . the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests."); *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1341-42 (Fed. Cir. 2012) ("Common sense indicates that advertising that your product can be used in conjunction with [another patented method] gives rise to a reasonable inference that you intend to induce your customers to accomplish these benefits through utilization of the patented method."). Sufficient inference may be drawn from the advertisements pleaded by RSS to give the Healthcare Defendants notice of the nature of the inducement allegations against them.

IV. CONCLUSION

For the aforementioned reasons, the Healthcare Defendants' motion to dismiss is denied.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: December 4, 2012